UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. S1- 4:19 CR 00017 HEA |
| | ) | |
| DUJUAN DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

## 1.  PARTIES:

The parties are the defendant DUJUAN DAVIS, represented by defense counsel JASON

P. HINE, and the United States of America (hereinafter "United States" or "Government"),

represented by the Office of the United States Attorney for the Eastern District of Missouri.  This

agreement does not, and is not intended to, bind any governmental office or agency other than

the United States Attorney for the Eastern District of Missouri.  The Court is neither a party to

nor bound by this agreement.

## 2.  GUILTY PLEA:

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the

defendant's voluntary plea of guilty to Count I of the Superseding Information, the United States

agrees that no further federal prosecution will be brought in this District relative to the

defendant's possession of a firearm on December 20, 2016, of which the Government is aware at

1

this time.  In addition, the Government agrees to forego the seeking of a Superseding Indictment,

in which it would allege additional charges arising out of the circumstances of defendant's arrest

on October 21, 2019.  On that date, defendant was arrested pursuant to the outstanding warrant in

the instant case, and was discovered to be in possession of more than 17 grams of

methamphetamine.

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level

analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty

plea.  The parties further agree that either party may request a sentence above or below the U.S.

Sentencing Guidelines range (combination of Total Offense Level and Criminal History

Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title

18, United States Code, Section 3553(a).  The parties further agree that notice of any such

request will be given no later than ten days prior to sentencing and that said notice shall specify

the legal and factual bases for the request.

## 3.  ELEMENTS:

As to Count I, the defendant admits to knowingly violating Title 18, United States Code,

Section 922(g), and admits there is a factual basis for the plea and further fully understands that

the elements of the crime are:

1. That on or about December 20, 2016, within the Eastern District of Missouri, the
   defendant possessed a firearm as that term is defined by federal law, and;

2. That he did so knowingly and intentionally, and;

3. That on some date prior to December 20, 2016, defendant had been convicted of an
   offense the penalty for which exceeded one year (a felony offense), and;

2

4.  That defendant knew that he had been convicted of said felony offense, and;

5.  That the firearm was manufactured outside the State of Missouri and therefore necessarily traveled in and affecting interstate commerce at some time prior to its seizure from defendant's possession.

## 4.  FACTS:

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial.  These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On or about December 20, 2016, St. Louis Metropolitan Police (SLMPD) met with a confidential source (CS) who provided information regarding ongoing drug sales in the 4700 block of St. Louis Avenue in the City of St. Louis.  According to the CS, there was an unidentified black male driving a black Pontiac G6 passenger vehicle in that area.  The CS reported that the driver of the Pontiac G6 was armed with a handgun and was selling narcotics.

SLMPD responded to the 4700 block of St. Louis Avenue and located a black Pontiac G6 passenger vehicle.  The vehicle was occupied by at least 2 people.  Police established covert surveillance on the Pontiac G6, during which time they observed its driver engage in at least one hand-to-hand transaction through the window.  After approximately 20 minutes of surveillance, SLMPD received a call of "shots fired" at 4750 St. Louis Avenue.  One of the surveillance officers flagged down a marked unit to notify it of the intelligence regarding the black Pontiac G6.

SLMPD responded to the black Pontiac G6.  They approached it in an effort to make contact with its driver. As they did so, they observed the driver attempt to secret a firearm under

3

his leg.  SLMPD ordered the occupants (of which there were 3) out of the vehicle.  Thereafter, they recovered a black Glock G27 .40 caliber semi-automatic handgun (serial number DAH675US) from the front driver's seat of the vehicle.  The driver was identified as Dujuan Davis.  Davis then admitted that he had drugs in his pocket.  SLMPD then retrieved a small knotted bag containing numerous heroin capsules from Dujuan Davis' person.

Dujuan Davis was arrested and placed into a police vehicle.  As SLMPD were proceeding with their investigation, they observed the rear seat of the police vehicle open, and Davis attempt to flee from the vehicle.  They then discovered that Davis had managed to move his cuffed hands from the back of his body to his front, enabling him to open the door to the police vehicle.  Davis was re-secured and placed in another vehicle.

During a post-*Miranda* interview, Dujuan Davis admitted ownership of the Glock G27 firearm in the Pontiac G6.  He acknowledged that he had been previously convicted of a felony offense and asked how much time he should expect to serve in prison.  SLMPD officers conducted a final search of Dujuan Davis before transporting him to jail.  In the small "coin pocket" of his jeans, SLMPD located a small knotted bag of heroin.

## 5.  STATUTORY PENALTIES:

The defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not more than 10 years, a fine of not more than $250,000.00, or both such imprisonment and fine.  The Court shall also impose a period of supervised release of not more than 3 years.

In certain situations, under Title 18, United States Code, Section 924(e) (Armed Career Criminal), defendant may be subject to a mandatory minimum sentence of fifteen (15) years and

4

a maximum sentence greater than described above.  The defendant is pleading guilty with full knowledge of these possibilities, has discussed these possibilities with counsel and will not be able to withdraw the guilty plea if the Court determines the foregoing statute applies to defendant's sentence.  However, both parties retain the right to litigate whether Section 924(e) applies to defendant's sentence.

**6.  U.S. SENTENCING GUIDELINES:  2018 MANUAL:**

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category.  The parties agree that he following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

**a.  Chapter 2 Offense Conduct:**

**(1)  Base Offense Level:**  The parties agree that the base offense level is found in Section 2K2.1 and depends on the nature of the firearm, the defendant's criminal history and other factors therein.

**(2)  Specific Offense Characteristics:**  The parties agree that the following Specific Offense Characteristics apply:

The parties agree that four (4) levels should be added pursuant to Section 2K2.1(b)(6)(B), because the defendant possessed the firearm in connection with another felony offense, to-wit: distribution of a controlled substance.

**b.  Chapter 3 Adjustments:**

**(1)  Acceptance of Responsibility:** The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated

5

acceptance of responsibility and timely notified the government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

      **(2)  Other Adjustments:**  The parties agree that the following additional adjustments apply:  None.

      **c.  Other Adjustment(s) and Disputed Adjustments:**  None.

      **d.  Estimated Total Offense Level:**  The parties estimate that the Total Offense Level is determined according to Sentencing Guidelines § 2K2.1, unless defendant is a Career Offender or Armed Career Criminal.  Depending on the underlying offense and defendant's criminal history, defendant could be a Career Offender pursuant to Section 4B1.1 or an Armed Career Criminal pursuant to Title 18, United States Code, Section 924(e) and Section 4B1.4. If the Court finds defendant is a Career Offender or an Armed Career Criminal or both, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI. Defendant has discussed these possibilities with defense counsel.  Both parties reserve the right to argue that the defendant is or is not a Career Offender or an Armed Career Criminal.

      **e.  Criminal History:**  The determination of the defendant's Criminal History Category shall be left to the Court.  Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category.  The

defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**f.  Effect of Parties' U.S. Sentencing Guidelines Analysis:**  The parties agree that the Court is not bound by the Guidelines analysis agreed to herein.  The parties may not have foreseen all applicable Guidelines.  The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

**7.  WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

**a.  Appeal:**  The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1)  Non-Sentencing Issues:**  The parties waive all rights to appeal all non jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

**(2)  Sentencing Issues:**   In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than

Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range.

**b.  Habeas Corpus:**  The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c.  Right to Records:**  The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

## 8.  OTHER:

**a.  Disclosures Required by the United States Probation Office:**  The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

**b.  Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:**

Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

**c.  Supervised Release:**  Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed.   These conditions will be restrictions on the defendant to which the

defendant will be required to adhere.  Violation of the conditions of supervised release resulting

in revocation may require the defendant to serve a term of imprisonment equal to the length of

the term of supervised release, but not greater than the term set forth in Title 18, United States

Code, Section 3583(e)(3), without credit for the time served after release.  The defendant

understands that parole has been abolished.

   **d.  Mandatory Special Assessment:**  Pursuant to Title 18, United States Code,

Section 3013, the Court is required to impose a mandatory special assessment of $100 per count

for a total of $100, which the defendant agrees to pay at the time of sentencing.  Money paid by

the defendant toward any restitution or fine imposed by the Court shall be first used to pay any

unpaid mandatory special assessment.

   **e.  Possibility of Detention:**  The defendant may be subject to immediate

detention pursuant to the provisions of Title 18, United States Code, Section 3143.

   **f.  Fines, Restitution and Costs of Incarceration and Supervision:**  The Court

may impose a fine, costs of incarceration and costs of supervision.  The defendant agrees that

any fine imposed by the Court will be due and payable immediately.

   **g.  Forfeiture:**  The defendant agrees the stipulated facts above are sufficient to

support forfeiture of certain assets pursuant to the applicable forfeiture authorities.  [Defendant

specifically agrees to the forfeiture of the following: a Glock G27, .40 caliber semi-automatic

firearm, serial number DAH675US  The defendant agrees the Court may enter a consent

preliminary order of forfeiture any time before sentencing, and such Order will become final as

to the defendant when it is issued and will be part of the sentence.  The defendant agrees not to

object to any administrative, civil or criminal forfeiture brought against any assets subject to

forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the government and/or to rebut the claims of nominees and/or alleged third party owners.  The defendant knowingly and intelligently waives all constitutional and statutory challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument. The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States.  The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

## 9.  ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses.  The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

10

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding.  The defendant's counsel has explained these rights and the consequences of the waiver of these rights.  The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel.  Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

The guilty plea could impact defendant's immigration status or result in deportation.  In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory.  Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

## 10.  VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case.  In addition, the defendant states that no person has, directly or

11

indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea.  The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11.  CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement.  The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12.  NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except

where the Court rejects those portions of the plea agreement which deal with charges the

government agrees to dismiss or not to bring.

10/5/2020
_____
Date

SERENA MILLER WISSLER  #55374MO
Assistant United States Attorney

10/5/20
_____
Date

DUJUAN DAVIS
Defendant

10/5/2020
_____
Date

Jason P Hine
Attorney for Defendant

13